**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  CR 18-00787-ODW |
| **Defendant**  Erik Michael Hinders | **Social Security No.**  7  6  2  7 |
| akas: | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Aug. | 17 | 2020 |

**COUNSEL**   Carel Ale, DFPD
(Name of Counsel)

**PLEA**   ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Count 1s**: 18:1029(a)(2) - Use of an Unauthorized Access Device, **Count 2s**: 21:841(a)(1),(b)(1)(A)(viii)- Possession wiht Intent to Distribute Metahamphetamine

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**150 months. This term consists of 120 months on Count 1 and 150 months on Count 2, to be served concurrently.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution to victim D.D. in the total amount of $2,023.83 pursuant to 18 U.S.C. § 3663A.

The Court finds from a consideration of the record that the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of at least 10% of defendant's gross monthly income, but not less than $50, whichever is greater, shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established an inability to currently and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons evaluate the defendant's eligibility for the 500-hour drug treatment program, conduct a mental health evaluation of the defendant, and provide all necessary treatment.

| USA vs. Erik Michael Hinders | Docket No.: CR 18-00787-ODW |
|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of three years on Count 1 and five years on Count 2 of the First Superseding Information, such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 20-04, excluding Condition 14 in Section I of that Order.

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

8. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation & Pretrial Services Office.

9. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

10. The defendant shall cooperate in the collection of a DNA sample from himself.

Case 2:18-cr-00787-ODW   Document 78   Filed 08/17/20   Page 3 of 6   Page ID #:657

USA vs.   Erik Michael Hinders                              Docket No.:   CR 18-00787-ODW

11. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any other financial gains to the Court-ordered financial obligation.

12. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

**The Court recommends defendant to be housed in a facility located at Taft or Terminal Island.**

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of this Court.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social services (such as the State of California, Department of Social Service), for the purposes of the client's rehabilitation.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider --

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed --
    a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;
4. The guideline sentencing range;
5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
6. The need to provide restitution to any victims of the offense.

USA vs.   Erik Michael Hinders                                   Docket No.:   CR 18-00787-ODW

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_August 17, 2020_
Date

_[signature: Otis D. Wright]_
U. S. District Judge/Magistrate Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

_August 17, 2020_                    By    _Sheila English /s/_
Filed Date                                       Deputy Clerk

---

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. he defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

| Date | Deputy Marshal |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant                Date

_____
U. S. Probation Officer/Designated Witness                Date